IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00445–KMT–MJW

GREG A. COOKSEY,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

---

# ORDER

---

This matter is before the court on Defendant Union Pacific Railroad Company's "Motion to Transfer Pursuant to 28 U.S.C. § 1404" (Doc. No. 6) filed March 26, 2008. Plaintiff Greg A. Cooksey filed his response on April 11, 2008 (Doc. No. 7), and Defendant filed its reply on April 21, 2008 (Doc. No. 6). This matter is ripe for review.

## I.  *Statement of Case*

Plaintiff, who was employed by Defendant Union Pacific Railroad ("UPRR"), alleges he was injured on July 31, 2005, when a ballast under his foot shifted and collapsed, causing him to fall and sustain injury to his back, ankle, and other parts of his body. (Compl. ¶¶ 6, 9.) Plaintiff alleges Defendant violated the Federal Employers' Liability Act ("FELA"), thereby causing his injuries. (*Id.* ¶¶ 11, 12.) Plaintiff seeks money damages. (*Id.* at 3.)

Defendant UPRR seeks to transfer this case pursuant to 28 U.S.C. § 1404 to the United States District Court for the District of Wyoming. (Ex. 1 to Def.'s Mem. Br. in Supp. of Mot. to Transfer Pursuant to 28 U.S.C. § 1404, Aff. in Supp. of Mot. to Transfer ¶¶ 2–7 [hereinafter "Shaw Aff."].) In support of its motion, Defendant asserts that Plaintiff is a Wyoming resident, the accident and alleged injuries occurred in Wyoming, several fact and medical witnesses are located in Wyoming, and the documentary evidence is located in Wyoming. (*Id.* at 1–11.)

Plaintiff responds that, although his initial medical treatment was in Wyoming, the medical providers providing his current and ongoing care are located in Colorado. (Pl.'s Resp. to Def.'s Mot. to Transfer Pursuant to 28 U.S.C. § 1404 ¶ 3 [hereinafter "Resp."]; Ex. 1, Aff. of Greg Cooksey ¶ 5 [hereinafter "Cooksey Aff."].) Plaintiff also states he is an employee of UPRR's Denver service unit, and, as such, his injuries were reviewed by two supervisors whose office is located in Denver, Colorado. (*Id.* ¶¶ 6–7.) Plaintiff states that there are witnesses in both Colorado and Wyoming and that Defendant has listed only one actual witness to the accident. (*Id.* ¶ 2.) Furthermore, Plaintiff states, the only non-physician witnesses from Wyoming listed by Defendant are its own employees. (*Id.* ¶¶ 5–6.) Plaintiff argues that the factors cited by Defendant do not strongly favor a transfer to the District of Wyoming. (*Id.* at 6.)

## II.   *Legal Standards*

Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under FELA, venue is proper "in the district of the

2

residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. Thus, in this case venue is proper in either Colorado or in Wyoming, as it is undisputed that Defendant does business in both states. FELA cases are not exempt from the scope of § 1404(a). *See Ex parte Collett*, 337 U.S. 55, 60–61 (1949).

A district court has discretion to transfer venue pursuant to § 1404(a). *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party seeking transfer bears the burden of establishing the inconvenience of the existing forum. *Scheidt*, 956 F.2d at 965; *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Unless the balance of the inconvenience is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed. *Scheidt*, 956 F.2d at 965.

> Non-exclusive factors relevant to a § 1404(a) transfer analysis include:
>
> [t]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516.

Although a plaintiff's choice of forum is generally given deference, it is entitled to little weight where a plaintiff does not reside in the chosen forum and there is no significant connection between the chosen forum and the cause of action. *See Bailey v. Union Pac. R.R. Co.*, 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005); *see also Cuzzupoli v. Metro-North Commuter R. R.*, No. 02 Civ. 7947, 2003 WL 21496879, at *2 (S.D.N.Y. June 30, 2003) (finding where plaintiff in FELA case was a resident of Connecticut and the events underlying the litigation occurred in Connecticut, little weight should be afforded to the plaintiff's choice of New York forum). Finally, "the location and convenience of counsel is a not a relevant factor." *Bailey*, 364 F. Supp. 2d at 1230.

### III. *Analysis*

Applying the factors under *Chrysler Credit Corp.* to the case at hand, I conclude that Plaintiff's choice of forum weighs in favor of jurisdiction in this court, despite the fact that the court gives "little," rather than "considerable," deference to plaintiff's choice of forum because he is a non-resident and his injuries have, at best, a tenuous connection to Colorado.

Although some of the potential witnesses reside in Wyoming, not all of them do. *Cf. Sackett v. Denver & Rio Grande West. R. Co.*, 603 F. Supp. 260, 261 (D. Colo. 1985) (transferring case to District of Utah when all of the witnesses identified by the court resided near Salt Lake City, Utah). Defendant lists several medical witnesses and fact witnesses who are located in Wyoming. These witnesses appear to be beyond the Defendant's control, are not located within 100 miles of the federal courthouse in Denver, and thus are not subject to a trial subpoena. *See* Fed. R. Civ. P. 45(b)(2). However, Plaintiff lists six treating physicians who are

4

located in Colorado. Moreover, Plaintiff will probably need to call witnesses employed by Defendant in Colorado to obtain specifics about his return-to-work and mitigation of damages issues.

The party moving for transfer must provide more than mere conclusions regarding inconvenience to witnesses in order to satisfy its burden. *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 148 (10th Cir. 1967). Defendant's claims about the number of witnesses, both party and nonparty, are central to its arguments. Nonetheless, its briefs and single affidavit fail to provide an adequate basis to determine that these individuals will in fact provide useful testimony or that compulsory process will be required to ensure their presence. *See Scheidt*, 956 F.2d at 966 (affirming denial of transfer because filings inadequately "indicate[d] the quality or materiality of the testimony," or that "the use of compulsory process [would] be necessary"). Consequently, Union Pacific has failed to "demonstrate the requisite inconvenience to [its] witnesses." *Scheidt*, 956 F.2d at 966. Thus, jurisdiction in Colorado seems to be just as accessible to witnesses and other sources of proof as Wyoming.

In addition, the location of the documentary evidence mentioned by Defendant in its motion is of minimal significance. First, Defendant has failed to specify what this documentary evidence consists of. Second, there is no indication that the evidence is voluminous or that it would be difficult to send it to Colorado for use at trial. *See Bailey* at 1231.

Moreover, transferring venue is improper where it merely shifts the inconvenience from one party to another. *Scheidt*, 956 F.2d at 966; *Patterson v. Union Pac. R.R. Co.*, No. 06-cv-02092, 2007 WL 14291, at *2 (D. Colo. Jan. 3, 2007). I find that transferring venue in

this case would only serve to shift the inconvenience from Defendant to Plaintiff, which is an insufficient reason to transfer the case.

Accordingly, I find that Defendant Union Pacific Railroad Company has failed to meet its burden of demonstrating that this forum is inconvenient. Therefore, it is **ORDERED** that "Motion to Transfer Pursuant to 28 U.S.C. § 1404" (Doc. No. 6) is hereby DENIED.

Dated this 2nd day of October, 2008

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge